IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-01798-NYW-MDB

ERIK HOLT,

    Plaintiff,

v.

FLORISSANT FIRE PROTECTION DISTRICT,

    Defendant.

---

## ORDER ON MOTION FOR PARTIAL DISMISSAL

---

This matter comes before the Court on the Motion for Partial Dismissal ("Motion for Partial Dismissal" or "Motion"), [Doc. 8, filed August 11, 2023], filed by Defendant Florissant Fire Protection District ("Defendant" or "FFPD"). Plaintiff Erik Holt ("Plaintiff" or "Mr. Holt") has responded in opposition, [Doc. 14], and Defendant has replied, [Doc. 17]. The Court finds that oral argument will not materially assist in the disposition of the Motion for Partial Dismissal. Upon review of the Parties' briefing, the entire docket, and the applicable case law, this Court respectfully **GRANTS** the Motion for Partial Dismissal.

### BACKGROUND

The following overview is based on the allegations in Plaintiff's Complaint and Jury Demand ("Complaint"), [Doc. 1, filed July 14, 2023], which the Court accepts as true for purposes of the instant Motion.[1]  FFPD employed Mr. Holt as interim fire chief from April 2022 to

---

[1] Defendant brings only a facial attack on this Court's subject-matter jurisdiction. *See E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1303 (10th Cir. 2001) ("In addressing a facial attack, the district court must accept the allegations in the complaint as true."). As discussed

September 2022, and then as permanent fire chief from September 2022 through his June 22, 2023, termination.  [*Id.* at ¶ 8].  His work performance was "exemplary."  [*Id.*].

FFPD is a special district organized under Colorado law that is subject to regulation of, among other matters, its operations and its procedures for electing and transitioning new members onto its Board of Directors ("Board").  [*Id.* at ¶ 9].  On May 2, 2023, the Town of Florissant held a Board election at the FFPD fire station.  [*Id.* at ¶¶ 10, 12].  Several non-incumbent candidates ran for office, including Paul Del Toro ("Mr. Del Toro").  [*Id.* at ¶ 11].  The election returns "purportedly show[ed]" that five non-incumbent candidates prevailed, including Mr. Del Toro ("directors-elect").  [*Id.* at ¶ 18].  However, Mr. Holt received complaints that certain candidates and poll watchers "undermin[ed] the integrity of the election by violating election laws including by intimidating and harassing voters outside of the fire station."  [*Id.* at ¶ 14].  The outgoing Board president, Starla Thompson ("Ms. Thompson"), filed a civil action in Colorado state court against the newly elected Board members and several poll watchers based on their electoral conduct.  [*Id.* at ¶ 19].  In connection with a related law enforcement investigation into the Board election, Mr. Holt provided security footage and oral testimony to investigators on May 19, 2023.  [*Id.* at ¶ 22].

Under applicable bylaws and Colorado law, the new Board members could not legally take office until mid-June 2023.  [*Id.* at ¶¶ 24–25].  However, "[d]espite being informed of their lack of legal authority to do so, the directors-elect continually attempted to assert power and control over FFPD."  [*Id.* at ¶ 26].  For example, Mr. Del Toro allegedly pressured Mr. Holt to turn over confidential FFPD information and "disabl[e] the security system that recorded Mr. Del Toro's and the other candidates' election law violations."  [*Id.* at ¶¶ 32, 36].  Previous counsel for FFPD

---

below, *infra*, n.2, Defendant does not press the alternative procedural argument which Plaintiff suggests comprises a factual attack, [Doc. 14 at 7; Doc. 17 at 4].

advised Mr. Holt not to comply with the directors-elect until they took office. [*Id.* at ¶ 34]. Meanwhile, Mr. Del Toro threatened Mr. Holt with "further action" if he did not comply with Mr. Del Toro's demands. [*Id.* at ¶ 37].

On May 30, 2023, Mr. Del Toro learned from Mr. Holt that part-time FFPD employee Patti Angell ("Ms. Angell"), who reports to Mr. Holt, was attending a physical therapy appointment. [*Id.* at ¶¶ 39–40]. Mr. Del Toro responded that "her performance was not up to par." [*Id.* at ¶ 40]. And, in the days leading up to this comment, "the directors-elect instructed Mr. Holt to remove most of Ms. Angell's essential job duties without explanation or cause." [*Id.* at ¶ 42]. Ms. Angell resigned from FFPD and filed a disability discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") as well as an internal complaint with FFPD. [*Id.* at ¶ 43]. Mr. Holt testified before the EEOC and reported the workplace complaints made by Ms. Angell to the directors-elect. [*Id.* at ¶¶ 43–44]. The directors-elect "obstruct[ed] Mr. Holt's attempts to respond to the internal grievance and the EEOC charge." [*Id.* at ¶ 46].

On May 26, 2023, Mr. Del Toro froze FFPD's bank accounts so that any transactions would require his personal approval. [*Id.* at ¶ 49]. This measure imperiled FFPD's ability to renew its liability insurance package, which ultimately expired on June 1, 2023, despite Mr. Holt's efforts to process a renewal transaction. [*Id.* at ¶¶ 53–58]. FFPD suspended the provision of emergency services to the community for several hours on June 6, 2023, due to the expiration of its insurance. [*Id.* at ¶¶ 59]. FFPD's coverage was restored later that day, and emergency services resumed shortly thereafter. [*Id.* at ¶ 61]. In a letter to the Florissant community, Mr. Del Toro stated that neither Mr. Holt nor the prior Board members were to blame for the insurance renewal situation. [*Id.* at ¶ 64]. Mr. Del Toro reiterated that Mr. Holt was not at fault in an email sent to a fellow director-elect. [*Id.* at ¶ 65].

3

On June 10, 2023, the new Board members took office and Mr. Holt commenced a two-week vacation. [*Id.* at ¶¶ 66–67]. On June 22, 2023, the Board terminated Mr. Holt for cause. [*Id.* at ¶ 68]. The termination notice stated:

> Your termination was made 'for cause' due to your failure to ensure the timely payment of the District's liability insurance when due. This failure resulted in injury or damage to the financial or ethical welfare of the District due to your negligence, misconduct, inabilities or inattention to your duties and responsibilities; and a demonstrated a failure, in the judgment of the Board of Directors, to perform the standard required of the Fire Chief under the terms of the agreement.

[*Id.*]. Mr. Holt alleges that the stated termination grounds were "false and pretextual," and that he was actually terminated "in retaliation for his participation in the criminal investigations of the incoming Board members' violations of election law, for refusing to follow unlawful orders, and for reporting the employment law violations committed by one of the directors-elect." [*Id.* at ¶ 69].

The First Amended Complaint brings several claims for damages against FFPD based on these events. [*Id.* at 14–19]. First, Mr. Holt brings a claim for retaliation under the First Amendment to the United States Constitution ("Claim I"). [*Id.* at 14–15]. Second, the Complaint appears to include a claim for retaliation under the Americans with Disabilities Act ("ADA") ("Claim II"), but the heading states the claim is "Reserved." [*Id.* at 15–17]. Third, Mr. Holt brings a common law claim for wrongful termination ("Claim III"). [*Id.* at 17–19]. FFPD's Motion for Partial Dismissal for lack of jurisdiction is now ripe for resolution.

## LEGAL STANDARD

Federal courts are ones of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal Rule of Civil Procedure 12(b)(1) provides that a complaint may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Dismissal under Rule 12(b)(1) is not a judgment on the

4

merits of the plaintiff's claim. Instead, it is a determination that the court lacks authority to adjudicate the matter." *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n, Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (quotation omitted).

## ANALYSIS

In its Motion for Partial Dismissal, FFPD seeks to dismiss Claims II and III of the Complaint. The Court discusses each in turn.

**I.     ADA Retaliation (Claim II)**

As discussed above, Claim II is designated in the Complaint as "Reserved." [Doc. 1 at 15]. Just before listing a dozen or so substantive allegations concerning retaliation, the Complaint states that Plaintiff has submitted a charge of discrimination and retaliation with the EEOC, and further indicates that, "[u]pon the conclusion of the investigation by the EEOC, or upon issuance of a right-to-sue letter by the EEOC, Mr. Holt will seek leave of this Court to add a claim for violations of the anti-discrimination laws identified above." [*Id.* at ¶¶ 89–90]. No motion for leave has been filed as of the date of this Order.

In the Motion for Partial Dismissal, FFPD argues that Claim II should be dismissed without prejudice because Plaintiff has not yet obtained the right-to-sue letter from the EEOC which all agree is a prerequisite to this cause of action. *See* [Doc. 8 at 2–3]; *see also EEOC v. Waffle House, Inc.*, 534 U.S. 279, 291 (2002). Mr. Holt responds that there is "nothing to dismiss because this claim has [not] yet been asserted," as it is "reserved for future inclusion after Mr. Holt exhausts his administrative remedies." [Doc. 14 at 6]. FFPD replies that this is "confusing" but that, "since Plaintiff agrees that this claim has not yet been pled," it should be dismissed. [Doc. 17 at 2].

It is a "paramount polic[y]" that "the plaintiff is the master of the complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). Here, Plaintiff submits that Claim II of his Complaint, for ADA retaliation, is "reserved" and has not yet been asserted. *See* [Doc. 14 at 6]; *see also* [Doc. 1 at 15–17]. But Plaintiff cites no authority that permits the inclusion of a "reserved" cause of action within the four corners of a complaint, *see* [Doc. 14 at 6], and this Court could independently find none. Further, it is axiomatic that without a right-to-sue letter from the EEOC, Plaintiff's ADA claim is subject to dismissal because the conditions precedent to asserting it have not yet occurred. *See Stone v. Dep't of Aviation*, 453 F.3d 1271, 1276 (10th Cir. 2006). Notwithstanding this authority, and declaring that it has not been asserted, Plaintiff has elected to include substantive claim allegations in the Complaint as Claim II. *See* [Doc. 1 at ¶¶ 88–103]. Because Mr. Holt has prematurely asserted Claim II as a "reserved" cause of action without any authority to do so, the Court respectfully **CONSTRUES** the Motion for Partial Dismissal as to Claim II as a motion to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, **GRANTS** the Motion, and **STRIKES** Claim II and its associated factual averments. *See* Fed. R. Civ. P. 12(f) (permitting a court to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading). Should Plaintiff seek to assert an additional claim in the future, under the ADA or otherwise, he must follow the proper procedures for amending a pleading. *See, e.g.*, Fed. R. Civ. P. 15(a).

## II.   Wrongful Termination (Claim III)

FFPD argues that Claim III, for wrongful termination, should be dismissed with prejudice pursuant to the Colorado Governmental Immunity Act ("CGIA") on the jurisdictional ground that FFPD is entitled to immunity.[2]   *See* [Doc. 8 at 5–6]; *see also Glasser v. King*, 721 F. App'x 766,

---

[2] Defendant alternatively argues that Claim III fails because Plaintiff did not provide proper notice under the CGIA. *See* [Doc. 8 at 4–5]. Plaintiff responds that any potential defect in notice would

6

769 (10th Cir. 2018) ("CGIA immunity implicates subject-matter jurisdiction."). Mr. Holt responds that the CGIA waives immunity for "willful or wanton" conduct, and he correspondingly contends that the Complaint alleges such conduct. *See* [Doc. 14 at 8–10]. FFPD disagrees that such an exception applies to Claim III. *See* [Doc. 17 at 4–5]. For the reasons that follow, the Court respectfully agrees with FFPD.

The CGIA provides that "[a] public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort . . . except as provided otherwise in this section." Colo. Rev. Stat. § 24-10-106(1). It is Plaintiff's burden to show that Defendant is not immune from suit. *See Schmitz v. Colo. State Patrol*, 841 F. App'x 45, 49 (10th Cir. 2020). FFPD is correct—and Mr. Holt does not dispute—that, under Colorado law, "[a] retaliatory discharge claim is a common law tort claim" and is therefore barred by the CGIA absent an applicable exception. *Dyer v. Jefferson Cnty. Sch. Dist. R-1*, 905 F. Supp. 864, 871 (D. Colo. 1995) (quoting *Holland v. Bd. of Cnty. Comm'rs of Cnty. of Douglas*, 883 P.2d 500, 508 (Colo. App. 1994)). As relevant here, Mr. Holt suggests that an exception to immunity for "willful and wanton" conduct applies, pointing to a bordering section of the CGIA, which provides in relevant part:

> It is the intent of this article to cover all actions which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant. No public entity shall be liable for such actions except as provided in this article, and no public employee shall be liable for injuries arising out of an act or omission occurring during the performance of his or her duties and within the scope of his or her employment, unless such act or omission was willful and wanton, except as provided in this article.

---

be cured as of November 7, 2023, ninety days after Plaintiff provided Defendant with statutory notice. *See* [Doc. 14 at 12–13]; *see also* Colo. Rev. Stat. § 24-10-109(6). In reply, FFPD states that it "does not agree this issue was cured by Plaintiff sending a notice of claim after the lawsuit was filed," but it does not explain why; instead, it indicates that it "will reserve further argument on the notice of claim issue" in light of its other argument for dismissal. [Doc. 17 at 4]. The Court takes Defendant's position as abandoning the issue of notice for purposes of the Motion for Partial Dismissal.

Colo. Rev. Stat. § 24-10-105(1).  Mr. Holt characterizes this language as providing that "[n]o public entity shall be liable for such actions except as provided in this article . . . unless such act or omission was willful and wanton." [Doc. 14 at 8 (quoting Colo. Rev. Stat. § 24-10-105(1)) (alteration in original)].  Mr. Holt further suggests that "[c]ourts in this District have found that the CGIA does not provide immunity for tortious wrongful termination claims when the plaintiff is terminated in a willful or wanton manner." [*Id.* (citing *Sample v. City of Sheridan*, No. 10-cv-01452-WJM-KLM, 2012 WL 1247223, at \*6 (D. Colo. Apr. 13, 2012))].  FFPD responds that "it is well settled that a willful and wanton claim cannot be maintained against a public entity like the FFPD," [Doc. 17 at 4–5], pointing to a provision that carves out a public entity's liability for "payment of all judgments and settlements of claims" against employees whose conduct was willful and wanton, Colo. Rev. Stat. § 24-10-110(1)(b)(I).

The CGIA's text makes plain, and the cases echo, that the "willful and wanton" conduct exception applies to individuals, not entities.  *See* Colo. Rev. Stat. § 24-10-105(1).  Indeed, Mr. Holt's attempt to invoke the exception as the sole basis for waiving FFPD's immunity is self-defeating: the Colorado Supreme Court has consistently held, and recently reiterated, that under the CGIA "public entities are not liable for the willful and wanton conduct of their employees." *Cisneros v. Elder*, 506 P.3d 828, 834 (Colo. 2022) (collecting cases); *see also McKenzie v. City & Cnty. of Denver*, No. 21-cv-00833-PAB-STV, 2023 WL 5488465, at \*8 n.6 (D. Colo. July 21, 2023) ("The CGIA does not . . . waive sovereign immunity and allow suit against the public entity itself based on willful and wanton conduct."), *report and recommendation adopted*, 2023 WL 5485625 (Aug. 24, 2023); *Schmitz*, 841 F. App'x at 59 (observing that the CGIA does not waive an entity's sovereign immunity from suit based on its employees' willful and wanton acts or omissions).  The CGIA's definition of "public employee" includes the Board members whose

8

conduct is at issue in this litigation. *See* Colo. Rev. Stat. § 24-10-103(4)(a) (definition encompassing "an officer, employee, servant, or authorized volunteer of the public entity, whether or not compensated, elected, or appointed").

Plaintiff relies solely on *Sample v. City of Sheridan* for the application of the exception to entity liability. *See* [Doc. 14 at 8 (citing *Sample*, 2012 WL 1247223, at *6)]. To the extent that *Sample* could support vicarious entity liability based on willful and wanton acts of an employee, 2012 WL 1247223, at *7, it constitutes nonbinding authority that is inconsistent with recent pronouncements of the Colorado Supreme Court, *see Cisneros*, 506 P.3d at 834–35, and the Tenth Circuit, *see Schmitz*, 841 F. App'x at 59. Because Plaintiff's wrongful termination claim seeks to hold FFPD liable for the Board members' conduct, his argument that the willful-and-wanton-conduct exception applies is improper. Plaintiff provides no other authority for the proposition that FFPD has waived its immunity from Claim III under the CGIA. Plaintiff therefore has not met his burden. Claim III is accordingly **DISMISSED without prejudice**.[3]

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) The Motion for Partial Dismissal [Doc. 8] is **GRANTED**;

(2) Claim II is **STRICKEN** pursuant to Rule 12(f) of the Federal Rules of Civil Procedure;

(3) Claim III is **DISMISSED without prejudice**; and

(4) The only remaining claim is Claim I for First Amendment retaliation.

---

[3] Defendant seeks dismissal with prejudice, but a dismissal for lack of jurisdiction must be without prejudice because the court "lack[s] jurisdiction to make a determination on the merits." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

DATED: November 7, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge