# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Nina Y. Wang

Civil Action No. 23-cv-01798-NYW-MDB

ERIK HOLT,

      Plaintiff,

v.

FLORISSANT FIRE PROTECTION DISTRICT,

      Defendant.

---

## MEMORANDUM OPINION AND ORDER

---

This matter comes before the Court on the Motion for Summary Judgment (or "Motion") [Doc. 27, filed July 22, 2024],[1] filed by Defendant Florissant Fire Protection District ("Defendant" or "FFPD").  Plaintiff Erik Holt ("Plaintiff" or "Mr. Holt") has responded in opposition, [Doc. 28], and Defendant has replied, [Doc. 31].  The Court finds that oral argument will not materially assist in the disposition of this matter.  Upon review of the Parties' briefing, the entire docket, and the applicable case law, this Court respectfully **GRANTS** the Motion for Summary Judgment.

## BACKGROUND

This case arises from Mr. Holt's employment and eventual termination as fire chief for the Florissant Fire Protection District.  *See generally* [Doc. 1].  After his termination on June 22, 2023, Mr. Holt initiated this action on July 14, 2023.  [*Id.*].  In his Complaint, Mr.

---

[1] When citing to the record, the Court uses the convention [Doc. ___] and cites the document number and page number generated by the Electronic Case Filing ("ECF") system.  When citing to a transcript, the Court refers to the ECF docket number, but the page and line numbers generated by the original transcript for the sake of consistency.

Holt asserted a claim for retaliation under the First Amendment to the United States Constitution ("Claim I"), [*id.* at 14–15]; reserved a claim for retaliation under the Americans with Disabilities Act ("ADA") ("Claim II"), [*id.* at 15–17]; and a common law claim for wrongful termination ("Claim III"), [*id.* at 17–19]. FFPD filed a Motion for Partial Dismissal directed at Claims II and III. [Doc. 8]. After full briefing on the merits, this Court granted the Motion for Partial Dismissal, struck Claim II, and dismissed Claim III without prejudice. [Doc. 18]. As a result, the only surviving cause of action is Claim I, to which FFPD now directs its Motion for Summary Judgment.

## UNDISPUTED MATERIAL FACTS

The Court draws the following material facts from the record before it.

1. Plaintiff was first employed by the FFPD as Interim Fire Chief from April 2022 to September 28, 2022, and then as the permanent Fire Chief until his termination on June 22, 2023. [Doc. 27 at ¶ 1 (citing [Doc. 1 at ¶ 8]); Doc. 28 at ¶ 1].

2. One of the job responsibilities of the Fire Chief of the FFPD is "leading, managing and administering all Fire Department operations." [Doc. 28-9 at 1].

3. To that end, Mr. Holt's "[p]rimary duties involve overseeing all fire suppression, all-hazards response, and emergency medical response activities of the Florissant Fire Protection District, including developing recommendations and plans for the protection of life and property within the community." [Doc. 28-9 at 1].

4. During Mr. Holt's tenure, he was the only full-time employee at FFPD, and managed the closed-circuit security system, which was operated by a third-party vendor. [Doc. 28-2 at ¶ 13].

5. On May 2, 2023, an election was held for the FFPD Board, which resulted

in the election of five non-incumbent candidates.  [Doc. 27 at ¶¶ 3–4 (citing [Doc. 1 at ¶¶ 10, 18]); Doc. 28 at ¶¶ 3–4].

6.      On that day, Mr. Holt was acting in his capacity as Fire Chief during the election, which took place at Fire Station 1 at 2606 W. Highway 24, Florissant, Colorado 80816 and by mail-in ballot.  [Doc. 28-2 at ¶ 9].

7.      On May 15, 2023, Starla Thompson, the incumbent FFPD President, filed a Complaint of Election Violations in Teller County District Court, alleging election fraud against the non-incumbent candidates and election workers.  [Doc. 27 at ¶ 7; Doc. 27-4; Doc. 28 at ¶ 7].

8.      Mr. Holt was contacted by an investigator from the Teller County District Attorney's Office, Clint Cramer ("Mr. Cramer"), who requested that Mr. Holt provide the footage of the election recorded on the FFPD's closed-circuit security system.  [Doc. 1 at ¶ 22; Doc. 27-7 at 84:22–85:9; Doc. 28-2 at ¶ 8].

9.      On either May 19 or 20, 2023, Plaintiff met with Mr. Cramer and provided him with the surveillance video from the fire station from the day of the election.  [Doc. 27 at ¶ 10; Doc. 27-7 at 73:11–75:14, 82:6–86:20; Doc. 28 at ¶ 10; Doc. 28-2 at ¶ 7].

10.      Mr. Holt also provided oral statements in response to Mr. Cramer's questions about the video, including "[h]ow far do you think these people were from this position?" and questions of that sort.  [Doc. 27-7 at 85:16–20].

11.      Mr. Holt did not tell the newly elected Board members that he had participated in the criminal investigation.  [Doc. 27 at ¶ 12; Doc. 27-7 at 129:17–20].

12.      Mr. Holt did not consider himself part of Ms. Thompson's Complaint of Election Violations.  [Doc. 27-7 at 129:21–130:2].

13.     After Allen Schultz included Mr. Holt as a party in his response to Ms. Thompson's Complaint for Election Violations, Mr. Holt informed Mr. Schultz that he was not a party to the civil complaint to which Mr. Schultz submitted his response.  [Doc. 1 at ¶¶ 70–71; Doc. 9 at ¶¶ 70–71].

14.     On June 27, 2023, the Teller County District Court dismissed Ms. Thompson's Complaint of Election Violations with prejudice.  [Doc. 27-6].

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way.  A fact is material if under the substantive law it is essential to the proper disposition of the claim."  *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (cleaned up).

"[I]t is not the party opposing summary judgment that has the burden of justifying its claim; the movant must establish the lack of merit."  *Alpine Bank v. Hubbell*, 555 F.3d 1097, 1110 (10th Cir. 2009).  It is the movant's burden to demonstrate that no genuine dispute of material fact exists for trial, whereas the nonmovant must set forth specific facts establishing a genuine issue for trial.  *See Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010).  To satisfy its burden at summary judgment, the nonmovant must point to competent summary judgment evidence creating a genuine dispute of material fact; conclusory statements based on speculation, conjecture, or subjective belief are insufficient.  *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004); *see also* 10B Charles Alan Wright et al., Federal Practice and Procedure § 2738 at 356 (3d ed. 1998) (explaining that the nonmovant cannot rely on "mere reargument of his case or

a denial of an opponent's allegation" to defeat summary judgment).  In considering the evidence, the Court cannot and does not weigh the evidence or determine the credibility of witnesses.  *See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008).  At all times, the Court will "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."  *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1236 (10th Cir. 2016) (quotation omitted).

## ANALYSIS

"[A] public employee does not relinquish First Amendment rights to comment on matters of public interest by virtue of government employment."  *Connick v. Myers*, 461 U.S. 138, 140 (1983).  "Rather, the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern."  *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006).  It is well-settled that a public employer cannot retaliate against an employee for exercising his constitutional right to free speech.  *See Lander v. Summit Cnty. Sch. Dist.*, 109 F. App'x 215, 218 (10th Cir. 2004).  "However, the interests of public employees in commenting on matters of public concern must be balanced with the employer's interests 'in promoting the efficiency of the public services it performs through its employees.'"  *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968)).

To achieve this balance, the Supreme Court has adopted a five-part test, known as the *Garcetti/Pickering* test, to evaluate a public employee's First Amendment claim. The *Garcetti/Pickering* test is comprised of five elements:

> (1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests;

(4) whether the protected speech was a motivating factor in the adverse
employment action; and (5) whether the defendant would have reached the
same employment decision in the absence of the protected conduct.

*Dixon v. Kirkpatrick*, 553 F.3d 1294, 1302 (10th Cir. 2009).  The first three elements are

questions of law to be decided by the court, while the latter two elements are questions

of fact reserved for the factfinder.  *Id.*  Defendant argues that all five factors justify the

grant of summary judgment in its favor.  *See generally* [Doc. 27].  Because this Court

concludes that the first element is dispositive, it does not reach the other four.

**Pursuant to Official Duties.**  Defendant contends that "Plaintiff's speech

consisted of providing the fire station's surveillance video footage to the DA investigator

upon being asked to do so, and answering some questions about the footage." [*Id.* at 9].

FFPD then argues that Mr. Holt turned over the video footage and answered the

investigator's questions "because of his position as Fire Chief," and that he "would be

expected to comply with law enforcement requests for information." [*Id.*].  Mr. Holt

disagrees, arguing that his speech was outside his ordinary duties as FFPD Fire Chief

because he was, "first and foremost, a firefighter" in the Florissant Fire Protection District.

[Doc. 28 at 6 (citing [Doc. 28-2 at ¶ 3])].

When public employees speak pursuant to their official duties, they are not

speaking as citizens for First Amendment purposes and therefore, the Constitution does

not constitutionally insulate their communications.  *Garcetti*, 547 U.S. at 421.  But the

*Garcetti* Court and the United States Court of Appeals for the Tenth Circuit ("Tenth

Circuit") have respectively declined to create a comprehensive framework for defining the

scope of a public employees' duties, *id.* at 424, or "a set of bright line rules," *Rohrbough*

*v. Univ. of Colo. Hosp. Auth.,* 596 F.3d 741, 746 (10th Cir. 2010).  The Parties agree, and

this Court concurs, that for the Court to determine whether speech is made pursuant to official duties, it must "take a practical view of all the facts and circumstances surrounding the speech and the employment relationship." *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1204 (10th Cir. 2007). In doing so, the Tenth Circuit authority instructs lower courts to take a "broad view of the meaning of speech that is pursuant to an employee's official duties," even if the speech concerns an unusual part of the employee's job that is not part of his everyday functions, or that he is not expressly required to perform. *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1133 (10th Cir. 2024) (quotation omitted).

Based on his own testimony, it is undisputed that Mr. Holt acted in his capacity as Fire Chief during the election, which took place at Fire Station 1 at 2606 W. Highway 24, Florissant, Colorado 80816 and by mail-in ballot. [Doc. 28-2 at ¶ 9]. During his tenure, he was the only full-time employee at FFPD, and managed the closed-circuit security system, which was operated by a third-party vendor. [*Id.* at ¶ 13]. After the May 2 election, Mr. Cramer requested that Mr. Holt provide the footage of the election recorded on the FFPD's closed-circuit security system. [*Id.* at ¶ 8; Doc. 1 at ¶ 22; Doc. 27-7 at 84:22–85:9]. In response, Plaintiff met with Mr. Cramer and provided him with the surveillance video from the fire station from the day of the election. [Doc. 27 at ¶ 10; Doc. 27-7 at 73:11–75:14, 82:6–86:20; Doc. 28 at ¶ 10; Doc. 28-2 at ¶ 7]. Mr. Holt also answered Mr. Cramer's questions about the video, including "[h]ow far do you think these people were from this position?" and questions of that sort, related to the Fire Station where the election took place. [Doc. 27-7 at 85:16–20].

Mr. Holt neither argues, nor adduces any evidence, that he was compelled to meet

with Mr. Cramer by subpoena or other order.  *See generally* [Doc. 28; Doc. 28-1 through Doc. 28-23].  Similarly, there is no argument or evidence that Mr. Holt was placed under oath or that the substance of Mr. Holt's discussion with Mr. Cramer was made part of a legal proceeding, and the Teller County District Court dismissed Ms. Thompson's Complaint of Election Violations on June 27, 2023.  *See* [*id.*; Doc. 27-6].  *Cf. Lane v. Franks*, 573 U.S. 228, 238 (2014) ("Truthful testimony under oath by a public employee outside the scope of his ordinary job duties is speech as a citizen for First Amendment purposes.").  Tellingly, there is also no argument or evidence in the record that Mr. Holt expressed to Mr. Cramer that he believed violations of election law had occurred; instead, Mr. Holt undisputedly and repeatedly disclaimed being part of Ms. Thompson's Complaint of Election Violations.  [Doc. 27-7 at 129:21–130:2; Doc. 1 at ¶¶ 70–71; Doc. 9 at ¶¶ 70–71].

Based on the totality of the facts and circumstances surrounding Mr. Holt's communications with Mr. Cramer and his duties as the Fire Chief for FFPD, even viewing the record in the light most favorable to Mr. Holt, this Court concludes that Mr. Holt's speech was part of the tasks he was employed to perform, and he spoke not as a citizen, but as a public employee.  Indeed, despite his characterization that he was "first and foremost, a firefighter," Mr. Holt's duties as Fire Chief undisputedly focused on management and oversight of the Fire Department.  [Doc. 28 at 6].  It is instructive that one of the job responsibilities of the Fire Chief of the FFPD to lead, manage, and administer all Fire Department operations.  [Doc. 28-9 at 1].  It is in that capacity that he managed, and acted as the custodian of, the closed-circuit security system that yielded the video sought by the Teller County District Attorney's investigator, and answered the

factual questions posed by Mr. Cramer. Given the allegations against the Board members, there appears to be no other individual to whom Mr. Cramer could have directed his inquiry. *See, e.g.*, *Gibson v. Kilpatrick*, 773 F.3d 661, 670–71 (5th Cir. 2014) (concluding that the police chief's report of the mayor's alleged misuse of a gas card was within his official duties and therefore, not afforded First Amendment protection); *Sigsworth v. City of Aurora*, 487 F.3d 506, 511 (7th Cir. 2007) (concluding that a police detective's report to his supervisors of alleged misconduct by task force officers was part of the tasks he was employed to perform).

The Court, having found that Mr. Holt's conversations with Mr. Cramer were made pursuant to his official duties, will grant the Motion for Summary Judgment in favor of Defendant Florissant Fire Protection District and against Plaintiff Erik Holt on the sole remaining First Amendment retaliation claim.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1)     The Motion for Summary Judgment [Doc. 27] is **GRANTED** in favor of Defendant Florissant Fire Protection District and against Plaintiff Erik Holt;

(2)     Defendant Florissant Fire Protection District is entitled to its costs pursuant to Federal Rule of Civil Procedure 54(d) and D.C.COLO.LCivR 54.1; and

(3)     The Clerk of Court is **DIRECTED** to terminate this action accordingly.

DATED: March 28, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge